UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JASON KLINE, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, A.K. AND GINA KLINE | CIVIL ACTION: 12-1412 |
| VERSUS | JUDGE DONALD E. WALTER |
| NEILSEN & HIEBERT SYSTEMS, INC. KADANT BLACK CLAWSON, INC. ROCK-TENN CP, LLC | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court are Defendant Kadant Black Clawson Inc.'s Motion to Dismiss [Doc. #8] and Defendant Neilsen & Hiebert Systems, Inc.'s Motion to Dismiss [Doc. #13]. Both motions seek to dismiss Plaintiffs' claims for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose both motions [Docs. #25 & 27]. For the reasons stated herein, Defendants' motions are **DENIED**.

## PROCEDURAL HISTORY

Plaintiffs filed this lawsuit on May 29, 2012, naming as defendants Neilsen & Hiebert Systems, Inc. ("Neilsen"), Kadant Black Clawson, Inc. ("Kadant"), and Rock-Tenn CP, LLC ("Rock-Tenn"). In count one of the complaint, Plaintiffs allege that Neilsen and Kadant are liable for various personal injuries under the Louisiana Products Liability Act ("LPLA") as manufacturers of an unreasonably dangerous pulp feed conveyor. [Doc. #1 at 5]. Count two of the complaint alleges in the alternative that Neilsen and Kadant are liable for the injuries under theories of negligence and strict liability in the event that either or both is found not to be a manufacturer within the bounds of

1

the LPLA. [Doc. #1 at 7].

Defendants Neilsen and Kadant each filed a motion to dismiss for failure to state a claim upon which relief may be granted on the grounds that the exclusivity provision in the LPLA precludes Plaintiff from recovering under a theory of liability other than the LPLA. Although each defendant filed a separate motion to dismiss, Neilsen's motion simply duplicates Kadant's motion in pertinent part. Accordingly, it is appropriate to address the motions together.

## LAW AND ANALYSIS

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed. R. Civ. P. 12(b)(6); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When ruling on a 12(b)(6) motion, the court must accept the plaintiff's factual allegations as true and resolve doubts as to the sufficiency of the claim in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). "The complaint should not be dismissed unless it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (internal citations omitted).

Defendants argue that the LPLA's exclusivity clause precludes plaintiffs from recovering under any theory of liability not provided in the LPLA. Title 9 of the Louisiana Revised Statutes, Section 2800.52 provides: "[The LPLA] establishes the exclusive theory of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." The law is settled in that negligence and strict liability are no longer viable theories of recovery against manufacturers for damages caused by their products. *See, e.g., Jefferson v. Lead*

*Industries Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997); *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002); *Autery v. Smithkline Beecham Corp.*, No. 05-982, 2011 WL 1812793, *8 (W.D. La. April 12, 2011).

Defendants overlook, however, the nature of Plaintiff's complaint. Plaintiffs allege in count one that Neilsen and Kadant are manufacturers, and are therefore liable under the LPLA. In count two, Plaintiffs state the "negligence claim...is made against NEILSEN & HIEBERT and KADANT, *in the alternative, in the event that either or both are found not to be manufacturers* as that term is defined under Louisiana Revised Statue [sic] 9:2800.53." (emphasis added) [Doc. #1, ¶28].

Federal Rule of Civil Procedure 8(d) permits a party to plead two or more claims in the alternative, regardless of whether the claims are mutually consistent. This Rule has been interpreted to mean that a "statement in one claim cannot be construed as an admission against another alternative or inconsistent claim. *Petty v. Murphy Exp. & Prod. Co.*, No. 94-3203, 1996 WL 400865 (E.D. La. July 16, 1996) (citing *Henry v. Daytop Village*, 42 F.3d 89, 95 (2d Cir. 1994)). Accordingly, Plaintiffs' allegation in count one—that Neilsen and Kadant are manufacturers—cannot be construed as a judicial admission against count two. Furthermore, count two is specifically plead against Neilsen and Kadant only in the event that they are found not to be a manufacturer. Because Plaintiffs' complaint does not contemplate a situation where Plaintiffs might recover against a manufacturer under a non-LPLA theory of liability, the exclusivity clause does not bar Plaintiffs' claims as plead.

## CONCLUSION

The Court finds that Plaintiffs have plead enough facts which, taken as true, would entitle them to relief. Therefore, Neilsen and Kadant's motions to dismiss for failure to state a claim upon

which relief may be granted [Doc. #8 and Doc. #13] are hereby **DENIED**.

**THUS DONE AND SIGNED**, this 23 day of October, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE